IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA RICHTER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF EDWARD MATZURA, DECEASED<br>210 OAK STREET<br>MINERSVILLE, PA 17954,<br>　　　　Plaintiff, | : : : : : : : : | Docket No.:_____ |
| vs. | : : | |
| THE BALTIMORE LIFE INSURANCE COMPANY<br>10075 RED RUN BOULEVARD<br>OWINGS MILLS, MD 21117-4871,<br>　　　　Defendant. | : : : : : : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff, Virginia Richter, individually and as Administratrix of the Estate of Edward Matzura, Deceased, by and through her undersigned counsel, and complains against the Defendant, the Baltimore Life Insurance Company ("Baltimore Life"), as follows:

### The Parties

1. Plaintiff Virginia Richter is an adult individual residing at 210 Oak Street, Minersville, Schuylkill County, Pennsylvania 17954.

2. Virginia Richter is the surviving wife and widow of Edward A. Matzura, who died on December 5, 2022.

1

3. By way of Letters of Administration granted by the Schuylkill County Register of Wills' Office on November 15, 2023, Virginia Richter was appointed Administratrix of the Estate of Edward A. Matzura, Deceased. A copy of the Letters of Administration is attached as **Exhibit "A."**

4. Defendant Baltimore Life is, upon information and belief, an insurance company licensed to do business in the Commonwealth of Pennsylvania with an address and place of business located at 10075 Red Run Boulevard, Owings Mills, Maryland 21117-4871.

5. At all times relevant, Baltimore Life conducted business in and issued policies of life insurance in Schuylkill County, Pennsylvania, which lies within the jurisdictional confines of the United States District Court for the Middle District of Pennsylvania.

## Jurisdiction and Venue

6. Jurisdiction and venue are proper in the United States District Court for the Middle District of Pennsylvania insofar as Baltimore Life regularly conducts business within the jurisdictional confines of the United States District Court for the Middle District of Pennsylvania; the subject policy of life insurance was issued to Edward A. Matzura while he was residing in the jurisdictional confines of the United States District Court for the Middle District of Pennsylvania; Edward A. Matzura was domiciled within the jurisdictional confines

of the United States District Court for the Middle District of Pennsylvania; diversity of citizenship is met pursuant to 28 U.S.C. § 1332; and the amount in controversy exceeds $75,000.00.

7. Prior to Edward Matzura's death, Baltimore Life issued a life insurance policy, Policy No. 01152011991, to Edward A. Matzura. A "specimen" copy of the Policy is attached as **Exhibit "B."**

8. The life insurance Policy issued to Edward A. Matzura contained a death benefit.

9. Upon information and belief, Baltimore Life also issued a supplemental "Accidental Death Benefit Rider" to the Policy.

10. Upon information and belief, the Accidental Death Benefit Rider was never signed by Edward A. Matzura.

11. The Accidental Death Benefit Rider contained a death benefit of an additional $100,000.00. A copy of the "specimen" Accidental Death Benefit Rider is attached as **Exhibit "C."**

12. Both the Policy and Accidental Death Benefit Rider were in full force and effect as of the time of Edward A. Matzura's December 5, 2022 death.

13. Virginia Richter is the Third-Party Beneficiary of both the Policy and Accidental Death Benefit Rider.

## Edward Matzura's Medical Issues and Death

14. Many years prior to 2020, Edward A. Matzura had an opioid addiction as a result of opioid medications prescribed to him for prior back and neck injuries.

15. By October of 2020, Edward A. Matzura had weaned himself off opioids because of his concern over opioid addiction.

16. From October 20, 2020 forward, Edward A. Matzura experienced and suffered through a series of wound-related issues on his lower right leg.

17. Edward A. Matzura treated with several doctors who had started him on various antibiotics because of his lower right leg wound-type and related issues.

18. By early October 2022, Edward A. Matzura was experiencing chronic back pain and nerve damage from an earlier neck surgery. His chronic pain and nerve damage resulted in him losing function in his right hand.

19. In order to avoid resuming opioid medications, Edward A. Matzura took four to eight aspirin per day as advised by one of his physicians and as documented in his medical records which have been provided to Baltimore Life.

20. On or about December 4, 2022, Edward A. Matzura was taken to the Lehigh Valley Hospital in Schuylkill County with shortness of breath, confusion, and balance-related issues.

21. Edward A. Matzura reported taking aspirin three times per day over a 6 to 8-week period. He was subsequently diagnosed with salicylate overdose, a

chronic right leg ulcer, and other medical ailments. Edward A. Matzura's medical providers made the decision to transfer him to the Lehigh Valley Hospital – Cedar Crest Campus in Allentown, Lehigh County as he was noted to be in critical condition.

22. Edward A. Matzura arrived at the Lehigh Valley Hospital, Cedar Crest Campus on December 5, 2022, where he was found to be in salicylate toxicity and acute renal failure.

23. Edward A. Matzura's condition worsened to the point where he was pronounced dead at 1:27 a.m. on December 5, 2022.

24. Edward A. Matzura's death certificate listed as his cause of death "acute and chronic salicylate toxicity", and his death was determined to be accidental.

## Baltimore Life's Failure and Refusal to Pay the Accidental Death Benefit Rider Benefits

25. Following Edward A. Matzura's death, his widow, Virginia Richter, attempted to deal directly with Baltimore Life to secure payment of the accidental death benefit rider $100,000.00 benefit. Ms. Richter was paid the primary Policy death benefit.

26. Baltimore Life took the position that it was not obligated to pay the $100,000.00 accidental death benefit rider death benefit because of language

contained in a "specimen" accidental death benefit rider stating that there was an exclusion for "a voluntary taking of any drug not prescribed for the Insured by a doctor."

27.  Virginia Richter, through her undersigned counsel, corresponded with Baltimore Life and sought to examine a true and correct copy of the actual life insurance policy and the actual riders issued to Edward A. Matzura.  However, Baltimore Life was not able to provide anything other than a "specimen" accidental death benefit rider.

28.  By way of letter dated March 3, 2023, Virginia Richter's undersigned counsel corresponded with Baltimore Life seeking and demanding payment of the $100,000.00 death benefit rider death benefit.

29.  Despite repeated requests and demand, Baltimore Life has failed and refused to pay the $100,000.00 accidental death benefit rider death benefit to Edward A. Matzura's beneficiary, Virginia Richter.

## Count I

**Virginia Richter**
v.
**The Baltimore Life Insurance Company**

### Breach of Contract

30.  Paragraphs 1 through 29 above are fully incorporated by reference.

31. Baltimore Life's failure and refusal to pay the $100,000.00 accidental death benefit rider to Virginia Richter constitutes a breach of contract by Baltimore Life.

32. There is no adequate legal justification for Baltimore Life's breach of contract.

33. As a result of Baltimore Life's breach of contract, Virginia Richter has suffered damages in the amount of the accidental death benefit rider death benefit, $100,000.00.

34. Virginia Richter has satisfied all conditions precedent to bringing a breach of contract claim against Baltimore Life, including providing Baltimore Life with Edward A. Matzura's pertinent medical records.

WHEREFORE, Plaintiff, Virginia Richter, individually and as Administratrix of the Estate of Edward Matzura, Deceased, respectfully requests that this Honorable Court grant judgment in her favor and against Defendant, The Baltimore Life Insurance Company, in the amount of $100,000.00.

### Count II

**Virginia Richter
v.
The Baltimore Life Insurance Company**

### Bad Faith

35. Paragraphs 1 through 34 above are fully incorporated by reference.

36. As an insurance company licensed to conduct business in the Commonwealth of Pennsylvania and which issued the subject life insurance policy and accidental death benefit rider to Edward A. Matzura, Baltimore Life is subject to Pennsylvania's Bad Faith Statute, 42 Pa. C.S.A. § 8371.

37. Baltimore Life acted in bad faith as defined by Pennsylvania's Bad Faith Statute in adjusting, processing, and ultimately denying payment of the accidental death benefit rider death benefit of $100,000.00 to Virginia Richter.

38. Baltimore Life acted without a bona fide basis in processing, adjusting, and otherwise denying the accidental death benefit rider death benefit payment to Virginia Richter.

39. As a result of Baltimore Life's bad faith pursuant to Pennsylvania's Bad Faith Statute, Virginia Richter is entitled to an award of $100,000.00 representing the accidental death benefit rider death benefit amount, together with treble damages, interest, reasonable attorney's fees, and litigation costs pursuant to Pennsylvania's Bad Faith Statute.

WHEREFORE, Plaintiff, Virginia Richter, individually and as Administratrix of the Estate of Edward Matzura, Deceased, respectfully requests that this Honorable Court, grant judgment in her favor and against Defendant, The Baltimore Life Insurance Company, in the amount of $100,000.00 plus treble damages, interest, reasonable attorney's fees, and costs.

Respectfully submitted,

FANELLI, EVANS & PATEL, P.C.

By: _____
 SUDHIR R. PATEL, ESQUIRE
 Attorney I.D. No. 75914
 1 Mahantongo Street
 Pottsville, PA  17901
 (570) 622-2455
 (570) 622-5336 (fax)
 spatel@feplawyers.com